Our final case of the day is 23-6067, Sharp v. State Farm Mutual Automobile Insurance Company. You may proceed.  May it please the court. This case is a case in which it's very important to understand the underlying state court action preceded it. In that case, the Supreme Court opinion of which has been called Thurston 1, the defendant, State Farm, sought a narrow summary judgment. And we cite that summary judgment, particularly what they were seeking in the brief. It's also in the record. But it's a very specific provision. It says, Pursuant to Rule 13 and 12OS, Sections 1651 and 1652, I respectfully request this court to grant a summary judgment, declaring that Section 36B of the automobile insurance policies do not, as a matter of law, provide staffable insurance. So they had a very specific request. And that is important to understand here because the summary judgment that they moved for, which was narrow, is what the court granted. And how do we know it's narrow? Because in the trial court, when that interlocutory appeal was allowed to go up, State Farm said, Hey, this should stop discovery of the other claims, the remaining claims. Clearly there were remaining claims in the case when the interlocutory appeal went up. And the court said, No, discovery's going to go forward. So it was understood by the parties and by the state court that claims remained and were still in the state court. The one issue, the narrow issue they appealed went up. The Supreme Court ruled against the plaintiffs on that case, against our client. And so that came back down. When it came back down to the district court. And it's also important to understand that Thurston One only analyzed a very narrow set of issues. First of all, they analyzed the judicial doctrine of spaffking. It was not, that phrase has never been in the policy. It's a judicial doctrine that set up the courts. They also analyzed the legislation that overruled that judicial doctrine. And then they simply looked at the policy. And what they found was that the policy had to expressly state that staffing was allowed. It didn't find that. Case over. But it's only case over as it relates to the issues that were actually submitted. Can we talk about the issue that's before us, which is breach of contract claim, right? Correct. What provision of the contract do you contend is breached? The provision of the contract that's breached is the contract provision that says they're selling us U.N. Well, they did sell you U.N. No, they defined U.N. to have three components. They sold us guest passenger, which is a different thing. They could sell that, and that's fine. But their policy defined three components. It had to cover the insured, the relative resident members of their household, and guest passengers. And so it's a little like selling, you know, we have a contract for a TV, and they give us a radio. A radio has value. It's a thing people may want. But it's not what they sold us. Well, didn't they sell you a contract that had that provision but then had an exclusion? No, Your Honor. It did not. The contract did not have that expressed preclusion. The Supreme Court found that that is kind of a roundabout thing. The stacking is a judicial thing that's on the side of the contract. The contract's here. The contract didn't say you're not covered for uninsured motorists if such and such is the case? It did not say that. And I think the important thing is to note here the only thing they sold us, the only thing they billed us for, our contract claim relates to U.N. That's the only thing they sold us. And they defined that to have three components. They only gave us one on remand. Well, we need to stop there because here's where it all is. And I guess what is confusing me about your argument is let's say there's three policies. The first one has a U.M. for $25,000. The second has a U.M. for $50,000. The third has a U.M. for $75,000. What the contract language says is you get the highest of whatever your U.M.s are. So in that instance, the U.M. from the third policy kicks in, $75,000. Is that right? Well, what the contract actually says is that they may apply the limit from the highest policy. But I think the problem is that let's just focus on- Well, is it right, first of all? Well, I think it's not right because the contract says may. Well, every driver is going to say, you know what, I think I'll take the $75,000, right? Well, I think it's at State Farm's discretion whether they apply the lowest or the highest. The contract does not say that the plaintiff or the insured can choose the limit. Obviously, the plaintiff always picked higher. If someone were really attentive and read the language, they'd understand, one, there's no such thing as stacking. It only seems fair that we should get stacked, but the contract tells us it doesn't get stacked. And they would understand that you get the highest of the three, you say may. That's a feature of this. And then they decide. Do we want to buy or don't we want to buy? And if they buy, maybe they didn't get the world's greatest deal. I don't know. I don't know if the policy is adjusted in any fashion. But it's not a breach. The State Farm gave what State Farm said State Farm would give. That's my problem that you need to help me get past. I understand where you're coming from, Your Honor. But I think that the express language and policy controls over the idea that if you read all the case law and if you read all the statutes that apply and if you squint hard enough, you can discern that potentially those circumstances would arise. But the express promise was for three-part coverage. Well, you're running straight into stacking then. You're saying the express promise was that we're getting three UMs and the only reason to have three UMs is so you can stack them, and Thurston says you can't stack them. No, what State Farm told us was that if we don't buy three policies on Part 2, you're not going to have UM. That was the logical implication of the contract. And I think we're not asking for stacking, obviously. Stacking would have given Thurston $75,000. This breach of contract claim essentially says you sold us one thing, you didn't provide that thing, and so you owe us back the $500. You got something out of it. You got the guest insurance. Yes, we did, Your Honor. But again, the idea, we're not contesting that there was no consideration. We're saying the consideration given was not the consideration promised. You're saying we made a bad deal. We'd like a refund. No, we think it was a bad deal, but we think the problem is that State Farm promised three-part coverage, and State Farm did not deliver three-part coverage, and that's a breach. Stacking. No, stacking would, again, Your Honor, stacking would provide for a different remedy. Stacking is a judicial doctrine that would have given us $75,000. Well, isn't that how it would provide the uninsured motorist that you're saying it didn't provide, is by stacking? Well, stacking, again, is a judicial doctrine that's not in the contract. Well, then let me ask you, how would State Farm meet its, what you say was its promise to provide U.M. coverage that it breached? How would it meet that? It would have provided U.M. coverage under the other policies. Stacking. Well, it could have stacked. It also, State Farm now is going to say that we would have provided, the contract appears to tell the client that we're not going to provide U.M. unless you buy U.M. on the vehicle. It talks about your car, and your car is policy by policy. Other insurers at the same time provided household U.M., which is a clear marketed product, and you're buying it for however many cars you have in your household. State Farm sold us something they never intended to deliver, and they did not, in fact, deliver. That is a breach, we think. I'll address briefly the Brandt case, which was relied on heavily by the district court, and State Farm said you don't even have to think about it. The reason you have to think about Brandt is because the, Brandt says that if there's a summary judgment that is pending when the dismissal occurs, that you can't dismiss without prejudice. We dismissed without prejudice because there was no summary judgment. They didn't contest that, and that case then got refiled in a timely manner. And I would reserve the, unless there's another question at this time, I'd reserve the remainder. Thank you very much. May it please the court, my name is Sondra Hamrick, and I represent the appellee State Farm in this matter. So if the district court's order dismissing the plaintiff's complaint here should be affirmed because the claims that plaintiffs are asserting, their breach of contract claim, is foreclosed on the merits by the Oklahoma Supreme Court's decision in Thurston v. State Farm, the Thurston 1 case. And although this didn't come up in plaintiff's argument, I did want to just mention, so that's not an issue, that's not a question of issue preclusion or claim preclusion or claim splitting. The court doesn't actually need to reach any of those doctrines. State Farm has not, as plaintiffs stated in their brief, conceded that issue preclusion and claim splitting don't apply here. In fact, we addressed those issues in, I think, about eight pages of our brief, from page 26 to, I believe, it's 34. I mean, it's 28 to 36, but it's definitely addressed. It's not conceded, but it's also, as I said, not necessary to reach it because Thurston's rationale controls the decision in this case. Well, Thurston says no stacking. Yes. And plaintiffs say, okay, fine, Thurston says, no fair, but we're going to live by Thurston, so sad. But that's not the end of it, because you promised us something you couldn't deliver and didn't deliver. We agree we can't force you to stack because Thurston says so, but when you made the policy offer that you did and we signed, you were promising something you're not going to have to pay, which is UM coverage. And so we overpaid. What's wrong with that argument? So, well, several things, Your Honor. As you pointed out, when the plaintiff talks about State Farm promising UM coverage and they call it three-point coverage, you're correct, Judge Phyllis. What they mean is stacking coverage. So the reason that UM coverage, because plaintiffs acknowledge that the policies after the first policy do provide a benefit. They provide guest passenger coverage. They don't provide nothing. They provide cash. Is it in the record whether the subsequent policies were at full price? In other words, it wasn't discounted because it's only guest passenger. It's not explicit, but plaintiffs do allege that they were charged full premiums. Now, as we've pointed out, if that's their issue, that's an adequacy of consideration issue, and that's not an issue for this court to look into if there's no duress or fraud. We all know that if the customer went in to the State Farm agent and said, I've got four cars, and the State Farm agent said, well, good news, we're going to give you UM for $100,000 on this car and $100,000 on all of the rest of them, but you're not going to get anything for your UM other than guest passenger, but you're going to pay full price. Do you still want it? The customer would probably say, no, I don't want that. There has been a bit of a wrong here. Is it just unredressable? I agree there's no stacking. That's not the remedy. A few things. I don't agree there's been a wrong here. Let me put that to the side for one second because I do want to make sure to address the claim that's actually asserted here, which is a breach of contract claim, which is unquestionably foreclosed by Thurston because, as I said, the reason that the UM coverage that's provided by the policies after the first policy in the household is less expensive than the coverage that's provided by the first policy is because of the other insurance clause, the anti-stacking clause that's in the provision and, of course, the statute as well, which says you don't get to stack, you don't get to aggregate. That's in the policy itself. Oh, it's absolutely in the policy. So it says, it tells them you won't get stacking. Yes, and the Supreme Court in Thurston directly addressed this, said State Farm didn't have to include that in the policy. The statute was enough, but they did. Is that a mandatory endorsement? Yes, that's a mandatory endorsement. It's part of the policy. And the court said it's unambiguous. So we have an unambiguous provision in the policy that says it won't stack. So that's one of the reasons there's no wrong here. If you're smart enough and you have lots of time and you get your magnifying glass out, maybe consult a lawyer even, you might figure that out. But if you're just signing policy forms in the office, who figures that out? So a couple things, Matt. The language is actually, it's really quite simple. It says, it applies, if other uninsured motor vehicle coverage applies. And then it says, if uninsured motor vehicle coverage, this is Act 106, if uninsured motor vehicle coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by the State Farm companies apply to the same bodily injury, then A, the uninsured motor vehicle coverage limits of such policies will not be added together to determine the most that may be paid. That's pretty plain English. That's pretty close to what's in the statute, which the legislature obviously thought was clever. And again, Thurston specifically found that is unambiguous. So the statute requires State Farm to offer this coverage on every policy. And in fact, if you were to look at, and I do have it handy, if you were to look at the actual statute, and the statute not only requires that State Farm and every other insurance carrier offer this coverage on every single policy, it also prescribes the form you have to use. So State Farm doesn't have a choice about the form. And the form, and this can be found at section 3636 of the Oklahoma Insurance Code. The form says, Oklahoma law gives you the right to buy uninsured motorist coverage in the same amount as your bodily injury liability coverage. And then in all caps, the law requires us to advise you of this valuable right for the protection of you, members of your family, and other people who may be hurt while riding in your insured vehicle. Those are guest passengers, by the way. You should seriously consider buying this coverage in the same amount as your liability insurance coverage limit. That's all in caps. The form goes on. So State Farm has to offer it. They have to use that form. If they could explain it better, though. Learned Hand may not have bought the extra policies. Greg Phillips might have bought the extra policies. And if you did, you would get guest passenger coverage. You would unquestionably get guest passenger coverage. Is there any allegation about the conversations between the agent who sold the policy and the owner who purchased the policy? Not in this case, no. And again, even if there were, that would hardly be any kind of a claim against State Farm. The fact is, State Farm follows the statute in offering the coverage, and the coverage is very clear. If a State Farm agent misled the purchaser, that would lead to a claim against State Farm. Again, I don't think there would be anything... I mean, I don't know what they would say. We don't have that. We don't have the allegation. But there's no concealment or fraud or wrong in State Farm offering the coverage that it's required to offer by statute and then charging for the coverage. They know, the plaintiffs know what they're being charged, and the policy explicitly and unambiguously tells them exactly what they are getting. What plaintiffs are trying to do here is, it's just Thurston, it's the Thurston theory dressed up in different clothes. The theory in Thurston was, by charging premiums, separate premiums on each policy, you, State Farm, have expressly agreed or expressly stated that you will provide stacked coverage. That was the exception under the statute. The statute says, the default is non-stacked coverage. That's not a silly argument. Most courts have adopted it, but the legislature overrode that. Exactly. The legislature said, no, that was keel. We're not doing that anymore. Under the law since November of 2014, the default is it doesn't stack unless you expressly say that it does. The plaintiff's argument was, well, by accepting these separate premiums, you expressly said that it's stacked. Thurston court said, no, they absolutely rejected that. That is not an express provision for stacking. But that's exactly what they're arguing now. They're using slightly different words, but they're basically saying, and I would suggest you look at paragraph 10 of their complaint where this is very clear. What their theory is, because you charged us for premiums, for separate premiums on each policy, you promised by doing that to give us stacked coverage. Those aren't the words they're using, but that is the theory. There is no other, I mean, they keep talking about State Farm having promised a certain kind of coverage, but the only things they can point to are the payment of the premiums, and that was rejected by Thurston, and then the definition of uninsured motorist. But you have to read the policy as a whole. You can't just pick out that little piece and ignore the fact that the policy actually does tell you exactly what you get, which is non-stacked coverage. The other thing I would note here is, plaintiff's argument is, so State Farm promised that they would deliver UM coverage, the three-prong coverage on every policy, and they didn't deliver it. So what's the basis of the allegation that they didn't deliver that coverage? Because there's no allegations in this complaint that any of these plaintiffs had an accident, and they made a claim and they weren't paid. The only possible basis for their allegation that they didn't get what they say they were promised is what the policy says, because the policy says you don't get stacked coverage. So in effect, what they're saying is, you promised us something that the policy simply says we're not getting. That's not a viable claim. You can't say the claim based on that. I think those are it. Any further questions? Apparently not. Thank you, counsel. All right. Thank you. Your Honor, I suspect I may give back time, so I know that doesn't happen in every argument. We've never forced an attorney to use up this time. I appreciate that, Your Honor. The policy is clear that they promised one thing to us, and that is uninsured motorists. They defined uninsured motorists, and they didn't deliver uninsured motorists. Now they're saying, well, you, again, by reading this and squinting, you could discern that when we told you we were going to ensure that insured, the resident relatives, and the guest passengers on these second, third, and fourth policies, we didn't really mean it. But it's a simple thing. If they want to write a contract that says that, that's fine. Describe guest passenger, sell guest passenger. In the record, there's the bill. All of our bills said they were selling us UM. That's what they billed us for. That's what they sold to us.  And that's a breach of contract, Your Honor. And that issue was not reached by the Oakland Supreme Court. And it wasn't essential to the judgment because they filed a very narrow summary judgment motion. Thank you, Your Honor. Thank you, Counsel. Case is submitted. Counselor excused. Court is in recess until call. Is that what we say? Thank you. Further call. Further call. Subject to call. Subject to call. OK, thank you.